UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL ELLIS, )<br>  )<br>  Petitioner, )<br>  )<br> vs. )<br>  )<br>DUSHAN ZATECKY, Superintendent )<br> Pendleton Correctional Facility, )<br>  )<br>  Respondent. ) | Case No. 1:13-cv-00625-JMS-MJD |

**Entry and Order Dismissing Action**

A prison disciplinary proceeding identified as No. ISR 12-06-0102, wherein inmate Michael Ellis was found guilty of violating prison rules by engaging in sexual conduct, resulted in sanctions of a written reprimand and three months of disciplinary segregation suspended. The suspended sanction was not enforced and no longer can be. Therefore, there was never a deprivation of any credit time or a credit class demotion.

Ellis seeks a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a). He is entitled to such a writ if he is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Thus, being Ain custody@ is an obvious requirement for seeking federal habeas relief. *See Maleng v. Cook,* 490 U.S. 488, 490 (1989); *Carter v. United States,* 733 F.2d 735, 736 (10th Cir. 1984), *cert. denied,* 469 U.S. 1161 (1985). A[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the ≻severity= of an actual or potential restraint on liberty.@ *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir.), *cert. denied,* 519 U.S. 1041 (1996). A sanction which does not constitute

"custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

The sanctions imposed in the challenged disciplinary proceeding--the written reprimand and the suspended confinement in disciplinary segregation--did not result in the imposition of "custody" for purposes of the federal habeas statute. The suspended sanction was not invoked and now can no longer be imposed. The sanctions Ellis suffered did not lengthen the anticipated duration of his confinement. Therefore, there is no basis for relief under the habeas corpus doctrine.

The respondent's unopposed motion to dismiss [9] is therefore **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/12/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov

MICHAEL ELLIS
DOC # 922017
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064